**ZZ TOP, et al., Plaintiffs,**

v.

**CHRYSLER CORPORATION,
Defendant.**

**No. C98–0940L.**

United States District Court,
W.D. Washington,
at Seattle.

Oct. 25, 1999.

---

Joseph D. Schleimer, Beverly Hills, CA, Charles K. Wiggins, Kenneth W. Masters, Wiggins Law Offices, Bainbridge Island, WA, for ZZ Top, a partnership, Billy F. Gibbons, Frank Beard, Joe Michael Hill, Bill Ham, plaintiffs.

Harry H. Schneider, Jr., Susan Donnelly Fahringer, Joseph M. McMillan, Brent Snyder, Perkins Coie, Seattle, WA, for Chrysler Corp., defendant.

## ORDER GRANTING DEFENDANT'S MOTION PERMITTING DEDUCTIONS OF OVERHEAD

LASNIK, District Judge.

This matter comes before the Court on defendant's Motion Permitting Deductions of Overhead. Defendant seeks guidance regarding plaintiffs' argument that, if defendant's infringement is found to be willful, overhead expenses should not be deducted from defendant's gross profits when calculating infringer's profits under the Copyright Act of 1976.

Pursuant to 17 U.S.C. § 504(b), a copyright owner is entitled to recover any profits arising from the infringer's use of the copyrighted work. "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." The purpose served by an award of profits is "to prevent the infringer from unfairly benefiting from a wrongful act." Notes of Committee on the Judiciary, House Report No. 94–1476.

The Copyright Act does not define "deductible expenses." As noted by plaintiffs, a number of courts have adopted a rule precluding the deduction of overhead expenses where the infringement is found to be deliberate or willful. *See, e.g., Saxon v. Blann,* 968 F.2d 676, 681 (8th Cir.1992) ("Overhead may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful."). The Act itself offers no support for such a rule, however. Both the statutory language and its purpose suggest that the copyright owner is entitled to recover profits, not gross revenues. If an infringer were not permitted to deduct all costs incurred in generating the gross revenues, including overhead costs, the copyright owner would be awarded more than just profits and the infringer would not only be deprived of whatever benefit it derived from the infringement, as was the apparent intent of Congress, but would also suffer affirmative punishment. Where Congress intended to punish willful infringement by authorizing different remedies depending on the infringer's culpability, it clearly knew how to do so. *See* 17 U.S.C. § 504(c) (authorizing a five fold increase in statutory damages if defendant's conduct was willful). Section 504(b), in contrast, makes no distinction between willful and innocent infringers. Thus, there is no statutory basis for denying a deduction of overhead costs as a punishment to willful infringers.

Although plaintiffs assert that the preclusion of overhead costs is an accepted practice where the defendant's infringement was willful, the Ninth Circuit has not yet adopted such a rule. In *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505 (9th Cir.1985), the Circuit's most

recent reference to the matter, the court was faced with an innocent infringer who mistakenly believed its use of the copyrighted material was authorized. In that context, the court, citing *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331 (9th Cir.1984), stated that "[a] portion of an infringer's overhead properly may be deducted from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate." While the *Frank Music* opinion leaves open the possibility that overhead deductions may be precluded where the infringement is intentional (a situation not before the court at the time), it does not mandate or even endorse such a preclusion.

Further, the case on which *Frank Music* relies, *Kamar*, actually rejects a copyright owner's argument that the court should automatically deny a willful infringer any deduction from profits for overhead expenses. In *Kamar*, the plaintiff argued that there had been an intentional violation of the Copyright Act and that the rule of *Sheldon v. Metro–Goldwyn·Pictures Corp.*, 106 F.2d 45, 51 (2nd Cir.1939), prevented the deduction of overhead costs. *Kamar*, 752 F.2d at 1331. The Ninth Circuit summarized the *Sheldon* case as follows:

> There, the court of appeals found "a deliberate plagiarism," and for that reason allowed the infringers to deduct from profits
>
>> only ... such factors as they bought and paid for; the actors, the scenery, the producers, the directors and the general overhead. Indeed, a constructive trustee, who consciously misappropriates the property of another, is often refused allowance even of his actual expenses ... and although this harsh rule, which would charge the defendants with the whole gross receipts, has been softened, a plagiarist

may not charge for his labor in exploiting what he has taken.

106 F.2d at 51 (citations omitted). Not only does this rule not disallow all overhead; it also does not necessarily apply to less than "deliberate plagiarism."

*Id.* At most, the *Kamar* opinion draws attention to, without deciding, the issue of whether a willful infringement justifies limitations on the type of costs that are normally deducted from profits. The Ninth Circuit has not, therefore, required the preclusion of an overhead deduction where the infringement was intentional or considered the appropriateness of such a rule in light of the provisions of the 1976 Act.[1]

As was the case in *Frank Music*, the *Kamar* court was faced with an innocent infringer, making the discussion regarding the appropriate rule to be applied where the infringement is willful merely advisory. In *Sheldon*, however, the Second Circuit considered a deliberate infringement, such as is alleged to have occurred here. The Second Circuit ultimately agreed that such a deliberate infringer could deduct "general overhead" from its gross revenues, despite the harsh preclusive rule that was apparently applicable in the trustee context. *Sheldon*, 106 F.2d at 51.

Thus, neither the language of the statute, its legislative intent, nor the relevant case law[2] requires or justifies prohibiting defendant from putting on evidence regarding its overhead costs. Such evidence must, however, be admissible. The Court, not having seen any of the cost documentation on which defendant intends to rely and not having a proper motion to strike before it, makes no rulings regarding the admissibility of defendant's cost documentation.

---

1. Both *Frank Music* and *Kamar* were decided under the Copyright Act of 1909.

2. The Court recognizes that a number of other federal appellate and district courts have held or suggested that a willful infringer may

not deduct overhead expenses from gross revenues. Most, if not all, of these cases rely, either directly or indirectly, on *Frank Music*, *Kamar*, and/or *Sheldon*, which do not justify such a rule.

For all of the foregoing reasons, defendant's motion is GRANTED.